```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


PAUL ADAMS d/b/a
ADAMS HOME CENTER                                       PLAINTIFF

VS.                          CIVIL ACTION NO. 5:05-cv-185(DCB)(JMR)

AKIMA SITE OPERATIONS, LLC; and
AKIMA MANAGEMENT SERVICES, INC.                         DEFENDANTS
```

ORDER

This cause is before the Court on the plaintiff Paul Adams d/b/a Adams Home Center's objection to magistrate's order denying plaintiff's motion to strike and for injunctive and other relief **(docket entry 23;** also filed erroneously as a motion to strike, **docket entry 22).** Having carefully considered the motion and the defendants' response, the Court finds as follows:

On November 30 and December 1, 2005, the plaintiff filed a motion to strike and for injunctive and other relief, alleging that the defendants' answer "contains certain false and defamatory statements, references, and/or private fact of a highly offensive, objectionable, and prejudicial nature." (Motion to Strike, ¶ 2). The plaintiff's motion failed to identify any false or defamatory statements, or to furnish any basis for his objections. On December 13, 2005, the plaintiff's motion to strike was discussed during a telephonic case management conference with Magistrate Judge James M. Sumner. On December 20, 2005, Magistrate Judge Sumner entered an Order denying the motion to strike.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's ruling may be modified or set aside only if it is "found to be clearly erroneous or contrary to the law." It is neither clearly erroneous nor contrary to law to deny a motion to strike which does not identify the statements the plaintiff wishes to have stricken. Moreover, the plaintiff's objection to the magistrate judge's order merely alleges that the defendants' answer "make[s] certain slanderous, false and misleading allegations concerning the plaintiff" (¶ 1), without identifying what those allegations are. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's objection to magistrate's order denying plaintiff's motion to strike and for injunctive and other relief **(docket entry 23)** is DENIED;

FURTHER ORDERED that the plaintiff's objection, filed erroneously as a motion to strike **(docket entry 22)** is MOOT.

SO ORDERED, this the 28th day of February, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE